RECEIVED
OCT - 2 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.: 08-00197 |
| VERSUS | JUDGE DOHERTY |
| DAMIEN D. ALLEN | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

The Court is in receipt of the "Joint Request for Jury Instructions," filed by the parties in this matter. [Rec. Doc. 26] Both parties request the jury be provided with pattern instruction 1.02 ("Note-taking by jurors"). *See* Pattern Crim. Jury Instr. Fifth Cir. 1.02 (2001). However, defense counsel requests the Court use "Alternative A," which prohibits jurors from taking notes, while counsel for the government requests "Alternative B," which allows note taking by jurors during trial. The Court **GRANTS** the government's request and will allow the jurors to take notes during the trial.

Additionally, defense counsel has submitted a request for a non-pattern instruction that contains Fifth Circuit, jurisprudential statements of law, which are particular to the concept of "constructive possession" in matters involving joint ownership, joint dominion and/or joint control over the contraband or the area where the contraband is concealed. [Id., p. 2] The government objects, arguing:

> The defense's instruction goes beyond what the law requires the government to prove and attempt [sic] to argue the defense's theory of the case via the instruction. Pattern Instruction 1.31 covers all possession facts of this case.

[Id. at n.3] Whether or not a modified version of defense counsels' requested instruction will be provided to the jury will depend on the evidence presented at trial. If the evidence at trial is sufficient, such that a reasonable jury could find there existed joint ownership, joint dominion or joint control over the firearm and/or vehicle in which the firearm was located, the Court will consider defense counsel's requested instruction, or a variation thereof, to be submitted to the jury. *See e.g.*, United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992); United States v. Lyons, 252 F.3d 1356, *3 (5th Cir. 2001). If the evidence at trial is not sufficient, a "common sense" approach, coupled with the pattern instruction will be considered. Accordingly, ruling on the government's second objection is **DEFERRED** until trial.

THUS DONE AND SIGNED this ⎯⎯ day of October, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE